IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH A. WORKMAN,

    Plaintiff,

v.                                       Civil Action No. 5:04CV138
                                                    (STAMP)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. **Background**

The plaintiff, Kenneth A. Workman, ("Workman"), filed an action on December 21, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on February 28, 2005 and a motion for summary judgment on June 1, 2005. The defendant then filed a motion for judgment on the pleadings on May 4, 2005 and an amended motion that same day.

Magistrate Judge Kaull considered the plaintiff's motion for judgment on the pleadings, the defendant's motion for summary judgment, and then submitted a report and recommendation. In his report, the magistrate judge made the following findings: (1) that

the Administrative Law Judge ("ALJ") did not properly consider the plaintiff's alleged impairments in relation to the appropriate listings, (2) that the ALJ is not required to call a medical expert to evaluate equivalence to a listing, (3) that there is insufficient evidence on record to determine whether the ALJ's determinations regarding the plaintiff's severe impairments were supported by substantial evidence and that the ALJ's determination regarding severe mental impairments was not supported by the record, but that no substantial evidence supports the plaintiff's allegations of headaches, (4) that substantial evidence does not support the ALJ's finding regarding the plaintiff's credibility, (5) that substantial evidence supports the ALJ's treatment of treating physician opinions, (6) that substantial evidence does not support the Physical Residual Functional Capacity ("RFC"), the Mental RFC or the Hypotheticals used by the ALJ. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgment be denied, the plaintiff's motion for judgment on the pleadings be granted in part and denied in part by reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) and remanding this action to the Commissioner for further proceedings consistent with the magistrate judge's recommendations.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file

2

written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On December 4, 2000, the plaintiff filed an application for Disability Insurance Benefits ("DIB"), which was denied initially and on reconsideration. The plaintiff then appeared before an ALJ on March 11, 2003, and was found to be not disabled within the meaning of the Act. The Appeals Council denied the plaintiff's request for review and this action was filed.

## III. Applicable Law

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528

(4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  <u>Hayes v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  <u>See</u> <u>Sec'y of Labor v. Mutual Mining, Inc.</u>, 80 F.3d 110, 113 (4th Cir. 1966)(quoting <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).

B. <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere

4

allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Listings Analysis

This Court finds no clear error in the magistrate judge's finding that the ALJ failed to identify the applicable listings, compare the requirements to the evidence of record, and articulate subsequent findings. The record shows that the plaintiff demonstrated at least some of the requirements of certain listings by presenting evidence of a deformity of the left knee accompanied by chronic pain, stiffness with slight limitation of motion, repeated surgeries on the knee and an inability to ambulate. As a result, the ALJ failed to compare these impairments to any listing, including likely relevant Listing 1.02A, "major dysfunction of a joint" or Listing 1.03, "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint." See Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986)(holding that ALJ must identify relevant listed impairments, compare each of the listed criteria to the evidence of petitioner's symptoms and explain findings). Moreover, this Court agrees with the magistrate judge that the ALJ must consider not only individual impairments, which he did not, but the impairments in combination to determine whether they met or equaled a listing.

Finally, there is no clear error in the magistrate judge's finding that the ALJ was not required to call a medical expert because the ALJ satisfied the requirements of Social Security Ruling 96-6p by using Disability Determination and Transmittal Forms and Physical Residual Functional Capacity Assessments.

6

Accordingly, this Court finds this case should be remanded for the ALJ to identify possible listings, compare the requirements to the evidence of record, and articulate his or her findings.

B.  Severe Impairments

This Court finds no clear error in the magistrate judge's finding that substantial evidence does not support the ALJ's determination that the plaintiff had no severe mental impairment. Specifically, the magistrate judge justifiably found that the ALJ rejected the only psychiatric or psychological evidence in the record and that, in doing so, the ALJ improperly substituted his views for evidence of trained professionals. Moreover, this Court agrees that Grimmett v. Heckler, 607 F. Supp. 502 (S.D. W. Va. 1985), is persuasive in holding that "[i]n the absence of any psychiatric or psychological evidence to support his position, the ALJ simply does not possess the competency to substitute his views on the severity of plaintiff's psychiatric problems for that of trained professionals." Id. at 503.

However, this Court finds no clear error in the magistrate judge's finding that the ALJ's determination shows that no objective medical evidence supports the plaintiff's allegations of headaches. (See Tr. 244.)

Accordingly, this Court finds the case should be remanded for a proper evaluation of psychiatric evidence on record to determine whether the plaintiff has severe impairments.

C. <u>Credibility</u>

This Court finds no clear error in the magistrate judge's finding that the ALJ improperly considered the plaintiff's credibility because the analysis in Step One of the sequential analysis was erroneous. Without a proper analysis of the severity of the plaintiff's impairments or mental impairments, the ALJ cannot accurately determine whether the plaintiff is credible as to his pain or whether the plaintiff's mental impairments exacerbate the severity of pain. Accordingly, this Court agrees that the case should be remanded for a proper evaluation of the plaintiff's credibility.

D. <u>Treating Physician Opinions</u>

This Court finds no clear error in the magistrate judge's finding that substantial evidence supports the ALJ's treatment of the treating physician opinions. The ALJ considered evidence from Dr. Given and reviewed inconsistencies between that evidence and evidence from Dr. Sembello, Dr. Lauderman and Dr. Forberg. Accordingly, the record indicates that Dr. Given's opinion was inconsistent with other substantial evidence, and therefore, the ALJ's treatment of the treating physician opinions should be upheld. See <u>Craig v. Chater</u>, 76 F.3d 585, 590 (4th Cir. 1996).

E. <u>Psychological Evaluation</u>

This Court finds no clear error in the magistrate judge's finding that the ALJ failed to weigh the psychological evidence by correct factors set forth in 20 C.F.R. 404.1527(d). Accordingly,

8

this Court finds that on remand, the ALJ should properly consider psychological evidence in the record.

F. Physical and Mental Residual Functional Capacity and Hypothetical to the Vocational Expert

Because this Court finds no clear error in the magistrate judge's finding that the ALJ failed to properly consider mental diagnoses and psychological impairments, this Court finds the magistrate judge's rejection of the physical and mental RFC's to be without clear error. Accordingly, on remand the ALJ should develop new physical and mental RFC's in accordance with the findings of this opinion and that of the magistrate judge.

It naturally follows that the hypothetical questions posed by the ALJ, which rely on the ALJ's improper physical and mental RFC determinations, did not accurately reflect the plaintiff's limitations as required. See Edwards v. Bowen, 672 F. Supp. 230, 235 (E.D.N.C. 1987). Therefore, on remand, the ALJ should reconsider hypothetical questions it poses to the vocational expert.

V. Conclusion

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation in its entirety. Accordingly, it is ORDERED that the defendant's motion for summary judgment motion be DENIED, and that the plaintiff's motion for judgment on the pleadings be GRANTED in part and DENIED in part. Accordingly, it is ORDERED that this case is REMANDED for further proceedings consistent with this opinion.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 28, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE